```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

IRINA K. BENDER,                              Civil No.  07-459-AA
                                              OPINION AND ORDER
        Plaintiff,

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.
_____

James S. Coon
Kimberly K. Tucker
Swanson, Thomas & Coon
820 SW Second Ave., Suite 200
Portland, Oregon 97204
     Attorneys for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Britannia I. Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Daphne Banay
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
     Attorneys for defendant

AIKEN, Judge:

///
```

PAGE 1 - OPINION AND ORDER

Claimant, Irina K. Bender, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner denying her application for disability insurance benefits under Title II of the Act. For the reasons set forth below, the Commissioner's decision is reversed and remanded for payment of benefits.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed her application for disability insurance benefits on September 9, 2003. Tr. 66-68. Plaintiff's application was denied initially and on reconsideration. Tr. 22-26, 28-30. After hearings held on April 5, 2006, and October 18, 2006, the Administrative Law Judge (ALJ) issued a decision on November 15, 2006, finding plaintiff not disabled. Tr. 9-19. The ALJ found plaintiff could "probably perform" past relevant work as a staffing specialist, and alternatively she could perform other work existing in significant numbers in the national economy as a circuit board assembler, an optical goods assembler, and a food/beverage order clerk. Id. On January 26, 2007, the Appeals Council denied plaintiff's request for review, tr. 5-8, making the ALJ's decision the final agency decision. See 20 C.F.R. §§ 404.981, 422.210.

## STATEMENT OF THE FACTS

Plaintiff was 48 years old at the time of her hearing on October 18, 2006. She had at least a high school education (general equivalency diploma). Tr. 17, 96, 408. Plaintiff had past relevant work as a proprietor/owner in computer software applications training, a staffing specialist, a real estate

PAGE 2 - OPINION AND ORDER

office manager, and as an enlisted processing assistant with the United States Navy. Tr. 91, 126, 450-51. Plaintiff alleges disability since August 9, 2002, due to hypothyroidism and fibromyalgia. Tr. 12, 66, 90.

**STANDARD OF REVIEW**

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is

PAGE 3 - OPINION AND ORDER

engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

///
///

PAGE 4 - OPINION AND ORDER

**DISCUSSION**

At step one of the five step sequential evaluation process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity during the time period considered. Tr. 14, Finding 2. This finding is not in dispute. At step two, the ALJ found that plaintiff had the following severe impairments: fibromyalgia and a depression disorder, NOS/adjustment disorder (with mixed anxiety and depressed mood). Tr. 14, Finding 3. This finding is not in dispute. At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 15, Finding 4. This finding is in dispute.

The ALJ determined that plaintiff had the residual functional capacity (RFC) to

> [o]ccasionally lift 10 pounds, frequently lift less than 10 pounds, stand/walk for at least 2 hours in an 8-hour workday, sit for about 6 hours in an 8-hour workday, and push/pull without limitations. Claimant is able to climb ramps/stairs, balance, stoop, kneel, crouch, and crawl frequently. Claimant is limited to never climbing ropes, ladder[s], or scaffolds and is limited to avoiding concentrated exposure to hazards. Claimant may have slight to moderate limitations in understanding/remembering/carrying out detailed instructions and responding appropriately to work pressure/changes due to varying physical symptoms.

Tr. 15, Finding 5.

At step four, the ALJ found that plaintiff could probably perform her past relevant work as a staffing specialist. Tr. 17, Finding 6. Finally, at step five, the ALJ found that, in the alternative, plaintiff could perform other work existing in significant numbers in the national economy; specifically as a circuit board assembler, an optical goods assembler, and a

PAGE 5 - OPINION AND ORDER

food/beverage order clerk. Tr. 18. This finding is in dispute.

1. <u>Opinion of Treating Physician</u>

Plaintiff asserts that the ALJ erred by providing legally insufficient reasons for rejecting the opinion of treating physician, M.S. Vandenbark, M.D. Tr. 397. Dr. Vandenbark was plaintiff's primary, treating physician for more than ten years. Dr. Vandenbark opined that plaintiff suffered from severe fibromyalgia and related symptoms of extreme fatigue and body aches which limited her to no lifting in a work environment, standing and walking less than two hours out of an 8-hour workday, no crouching, kneeling, stooping, crawling, climbing ladders or scaffolds and only occasionally climbing stairs. <u>Id.</u> Dr. Vandenbark further opined that plaintiff must avoid environmental stressors such as vibrations, she would need to change positions at will and take a break every hour so she could get up and move around to cope with muscle stiffness. <u>Id.</u> Dr. Vandenbark stated plaintiff is moderately limited in concentration, persistence and pace due to "fog" from fatigue and pain. <u>Id.</u> Dr. Vandenbark stated that exceeding these limitations would result in an exacerbation of plaintiff's symptoms such that she would not be able to perform in any work environment. Finally, even with these limitations in place, Dr. Vandenbark found that plaintiff's symptoms would flare or worsen causing her to miss more than two days a month from work. <u>Id.</u> The ALJ rejected this opinion.

"[G]reater weight is afforded to the opinion of a treating physician then to that of [a] non-treating physician, because the treating physician is employed to cure and has a greater

PAGE 6 - OPINION AND ORDER

1  opportunity to know and observe the patient as an individual."
2  Ramirez v. Shalala, 8 F.3d 1449, 1453 (9th Cir. 1993)(internal
3  quotation omitted).  A treating physician's opinion is
4  controlling when it is "well supported by medically acceptable
5  clinical and laboratory diagnostic techniques and is not
6  inconsistent" with other evidence of record.  20 C.F.R. §
7  404.1527(d)(2).  When the treating physician's opinion is
8  uncontroverted, the ALJ must give "clear and convincing reasons"
9  before rejecting the opinion.  Lester v Chater, 81 F.3d 821, 830-
10 32 (9th Cir. 1995).  Here, Dr. Vandenbark's opinion is not
11 contradicted by that of any other treating or examining
12 physician.

13     The ALJ first rejected Dr. Vandenbark's opinion because "it
14 is not supported by the complete record and by claimant's
15 abilities/activities of daily living."  Tr. 17.  Upon a thorough
16 review of the record, I find that the ALJ failed to cite specific
17 evidence from the "complete record" that controverts Dr.
18 Vandenbark's opinion regarding plaintiff's physical capacity for
19 work.  In fact, the record is replete with findings supporting
20 Dr. Vandenbark's opinion regarding plaintiff's physical condition
21 and limitations.  See Tr. 192-93, 197, 204, 210, 212, 213, 215,
22 239, 333, 341, 343-44, 359, 373, and 406.  The ALJ relies on an
23 opinion from a non-examining DDS physician (Dr. Jensen), and a
24 one-time examining psychologist (Dr. Patrick).  An opinion from
25 a non-examining source "cannot by itself constitute substantial
26 evidence that justifies the rejection of the opinion of either an
27 examining or a treating physician."  Lester, 81 F.3d at 821.

28     Dr. Jensen's opinion is expressed in a summary "check-the-

PAGE 7 - OPINION AND ORDER

box" DDS "Physical Residual Functional Capacity Assessment Form." Dr. Jensen completed the Form on December 3, 2003. An additional 106 pages of Kaiser/Dr. Vandenbark records were added to plaintiff's file in 2006 prior to the hearing. These treatment notes and physician opinions were not reviewed by Dr. Jensen prior to completion of the DDS Form.

The ALJ also relied on Dr. Patrick's opinion which stated, "[f]rom a cognitive standpoint, brief screening suggests that there are no more than mild limitations to [plaintiff's] intellectual or related cognitive abilities." Tr. 410. Dr. Patrick saw plaintiff one time and admits that he performed only "brief screening," specifically he administered the MMPI-2, which does not test memory or cognition. These facts diminish the weight that can be accorded to Dr. Patrick's opinion. Moreover, I find that Dr. Patrick's opinion does not necessarily contradict Dr. Vandenbark's opinion regarding plaintiff's concentration, persistence or pace. Specifically, Dr. Patrick noted that plaintiff is slightly to *moderately* limited regarding understanding, remembering and carrying out detailed instructions. Tr. 413 (emphasis added). Moreover, Dr. Patrick also noted that these limitations were based on "[e]vidence for cognitive slowing or 'fog' related to fibromyalgia" and that the level of "impairment can be expected to vary with intensity of physical symptoms." Id.

The ALJ also found Dr. Vandenbark's opinion "less than credible" because "she authorized 'time loss' in a disability report from July 2005 through July 2007 - over one year retroactively and nearly one year in advance." Tr. 17 (internal

PAGE 8 - OPINION AND ORDER

citation omitted). It is significant that Dr. Vandenbark had been treating plaintiff for over ten years and was "very familiar" with plaintiff's medical issues. Tr. 397. Plaintiff also points out that as a Kaiser physician, Dr. Vandenbark had electronic access to the records of all Kaiser physicians who had seen plaintiff during the relevant time period. Tr. 196-257, 301-77 (Kaiser records from early 2002 through 2005). Given access to this information, it is not unreasonable that Dr. Vandenbark opined plaintiff was disabled one year prior to the form at issue was completed. Similarly, based on Dr. Vandenbark's professional opinion, treatment history with plaintiff, access to all Kaiser medical records on plaintiff, and the severity of plaintiff's fibromyalgia, Dr. Vandenbark's opinion that plaintiff's disability would continue into the future is also not unreasonable. Dr. Vandenbark's opinion in this regard is further supported by the information in the record showing that numerous treatment modalities, including pain medications, muscle relaxers, antidepressants, physical therapy, a home exercise program, group counseling and use of a TENS unit, failed to produce significant lasting improvement in plaintiff's symptoms. Tr. 196-257, 301-77 (Kaiser treatment notes).

When, has here, the ALJ fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, that opinion must be credited "as a matter of law." Lester, 81 F.3d at 834 (internal quotation omitted). Therefore, the court credits Dr. Vandenbark's opinion that plaintiff's fibromyalgia was severe and that her primary symptoms were extreme fatigue and body aches. Based on that opinion and the testimony of the

PAGE 9 - OPINION AND ORDER

Vocational Expert (VE), I find plaintiff unable to engage in past relevant work and unable to perform other work as it exists in the national economy.

Moreover, I apply the following factors to decide whether this case should be remanded for payment of benefits. They are:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000). Based upon application of these factors, I find that it is appropriate to remand this case for payment of benefits.

2. Plaintiff's Credibility

The ALJ also determined that plaintiff's statements concerning her limitations were not entirely credible based upon the plaintiff's activities of daily living. When a claimant has medically documented severe impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ may reject [her] testimony regarding the severity of symptoms only if he makes specific findings stating clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996)(internal quotation omitted). Further, if the "ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947 (9th Cir. 2002). A general assertion that plaintiff is not credible is insufficient;

PAGE 10 - OPINION AND ORDER

the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).

Here, plaintiff has provided evidence that she suffers from fibromyalgia, a disease characterized by pain and fatigue. Further, there is no evidence in the record that plaintiff is malingering. See Benecke v. Barnhart, 379 F.3d 587, 590 (9th Cir. 2004)(listing of established fibromyalgia symptoms).

The ALJ failed to provide clear and convincing reasons for rejecting plaintiff's testimony. First, the Commissioner concedes that the ALJ erred in finding plaintiff reported a reduction in her depressive symptoms. Def's Brief, p. 13. Second, although true that plaintiff engaged variously in some of the activities listed and relied on by the ALJ to find plaintiff not credible, I find no evidence or indication in the record that plaintiff engaged in any of these activities with a frequency or intensity that contradicts plaintiff's testimony that she can only be active a short time, must rest frequently, and has significant pain. In fact, the record supports plaintiff's testimony that her activities are limited and accomplished with difficulty. Moreover, to the extent plaintiff experienced some increased functioning, those periods represent the typical waxing and waning of the disease. Tr. 341, 397; see also, Benecke v. Barnhart, 379 F.3d at 590.

The ALJ failed to provide any legally sufficient reasons for rejecting plaintiff's testimony. When an ALJ improperly rejects a plaintiff's testimony regarding limitations and the plaintiff would deem to be disabled if the testimony were

PAGE 11 - OPINION AND ORDER

credited, the court "will not remand solely to allow the ALJ to make specific findings regarding that testimony." Varney v. Secretary of Health & Human Services, 859 F.2d 1396, 1401 (9th Cir. 1988). Therefore, I credit plaintiff's testimony as a matter of law. Id.

## CONCLUSION

The Commissioner's decision is not based on substantial evidence, and is therefore, reversed and remanded for payment of benefits. This case is dismissed.

IT IS SO ORDERED.

Dated this  1  day of May 2008.


                                    /s/ Ann Aiken
                                    Ann Aiken
                            United States District Judge

PAGE 12 - OPINION AND ORDER